IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DASHAWN LAMAR BATES,

                Petitioner,               OPINION AND ORDER

   v.

                                                 17-cv-288-wmc

LOUIS WILLIAMS,

                Respondent.

---

Petitioner Dashawn Lamar Bates, a federal prisoner incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, seeks post-conviction relief pursuant to 28 U.S.C. § 2241. On November 12, 2013, Bates pleaded guilty to violating 18 U.S.C. §§ 922(g), 924(a)(2), felon in possession of a firearm. *United States v. Bates*, No. 1:13-cr-149-RHB, dkt. #24 (W.D. Mich. Nov. 12, 2013.) On March 25, 2014, he was sentenced to a term of 108 months of imprisonment, to be followed by three years of supervised release. While the content of the presentence investigation report ("PSR") is not publicly available, Bates claims that he was sentenced under the advisory Guidelines, and received a two-point enhancement pursuant to U.S.S.G. § 2K2.1(a), based on two prior Michigan convictions for possession with intent to deliver cocaine. Now he seeks relief because that enhancement was improper in light of the Supreme Court's decision in *United States v. Mathis*, 136 S. Ct. 2243 (2016). However, because he is not entitled to challenge his guidelines enhancement through post-conviction relief, his petition will be denied.

1

OPINION

Bates claims that he is entitled to resentencing in light of *United States v. Mathis*, 136 S. Ct. 2243 (2016). In *Mathis*, the Supreme Court held that a prior conviction counts as a predicate crime under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), only "if its elements are the same as, or narrower than, those of the generic offense." *Id.* at 2248. In Bates' view, the two Michigan drug convictions could not enhance his sentence because the Michigan statute's definition of "delivery" is broader than the U.S. Sentencing Guidelines' definition of a controlled substance offense.

However, petitioner's claim is foreclosed by circuit precedent. In *Hawkins v. United States*, 724 F.3d 915, 916 (7th Cir. 2013), the court of appeals reaffirmed its previous holding in *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), that "an error in calculating a defendant's guidelines sentencing range does not justify post conviction relief unless the defendant [was] sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory." *See also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) (recognizing that *Hawkins* is "the law of this circuit"). The Seventh Circuit recently reaffirmed these holdings in *Hanson v. United States*, -- F.3d --, 2019 WL 5406665, at *3 (7th Cir. Oct. 22, 2019), finding that *Hawkins* and *Coleman* foreclosed relief in a *Mathis* challenge brought under 28 U.S.C. § 2255, since the sentence was imposed based on advisory Guidelines, not mandatory Guidelines or statutory minimums. In this case, petitioner is challenging the sentencing court's application of the sentencing guidelines, but he was sentenced in 2014, nine years after the Supreme Court

held that the guidelines are advisory in *United States v. Booker*, 543 U.S. 220 (2005). Thus, *Hawkins* applies and petitioner cannot rely on *Mathis* or any other change in the law to challenge his status as a career offender in a post conviction proceeding.

Although *Hawkins* involved a motion under 28 U.S.C. § 2255 rather than a petition under 28 U.S.C. § 2241, that is not a basis for distinguishing it. As noted above, the court of appeal's ruling is not limited to § 2255 motions, but applies to all "postconviction relief." Further, the court reasoned in *Hawkins* that a prisoner could not challenge a sentencing guideline error in a § 2255 motion because such an error was not a "miscarriage of justice" in light of the fact that the guidelines do not affect the statutory maximum, so the sentencing court would be entitled to impose the same sentence even if the case were remanded. *Hawkins*, 706 F.3d at 825. Because a petitioner seeking relief under § 2241 must also show that denying relief would result in a "miscarriage of justice," *e.g., Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012), the reasoning in *Hawkins* applies equally to a § 2241 petition.

Under Rule 11 of the Rules Governing Section 2254 Cases (which can be applied to cases under § 2241 as well), the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Since the *Hanson* decision removes any doubt

3

as to whether *Hawkins* and *Coleman* preclude relief here, the court will not issue petitioner a certificate of appealability.

ORDER

IT IS ORDERED that:

(1) Petitioner Dashawn Bates' application under 28 U.S.C. § 2241 is DENIED.

(2) A certificate of appealability will not issue.

Entered this 1st day of November, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge